UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE DIANE GANEY AND MICHAEL JAMES GANEY, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; Child Welfare Services (CWS), et al,<br><br>Defendants. | Case No.: 23-cv-1448-CAB-AHG<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>**[Doc. Nos. 2, 3]** |

On August 7, 2023, Michelle Diane Ganey and Michael James Ganey, Jr. ("Plaintiffs"), on behalf of themselves and their minor children, T.E.W, T.A.W., and M.J.G., filed a complaint [Doc. No. 1] against the San Diego County Child Welfare Services and multiple caseworkers for violations of 42 U.S.C. § 1983 and various state laws. Plaintiffs also filed a motion to appoint counsel. [Doc. No. 3]. Plaintiffs did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, they filed a Motion to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

1  [Doc. No. 2]. For the reasons set forth, the IFP is **GRANTED**, the motion to appoint
2  counsel is **DENIED**, and the complaint is **DISMISSED without prejudice**.

3  **I.       Motion to Proceed IFP**

4  Generally, all parties instituting a civil action in this court must pay a filing fee. *See*
5  28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the court may
6  authorize commencement, prosecution, or defense of any suit without payment of fees if
7  the plaintiff submits an affidavit, including a statement of all his or her assets, showing that
8  he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application
9  is sufficient where it alleges that the affiant cannot pay the court costs and still afford the
10 necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A]
11 plaintiff seeking IFP status must allege poverty with some particularity, definiteness, and
12 certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to
13 proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v.*
14 *Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

15 Here, Plaintiffs represent that they have less than $35.00 in their checking and saving
16 accounts, that one of them just lost their job, and they presently care for three children with
17 a limited income. Plaintiffs' application sufficiently shows they lack the financial resources
18 to pay filing fees. Accordingly, Plaintiffs' motion to proceed IFP [Doc. No. 2] is
19 **GRANTED.**

20 **II.      Screening of the Complaint Pursuant to 42 U.S.C. § 1915(e)(2)(B)**

21 Upon granting a request to proceed IFP, the Court must additionally analyze the
22 sufficiency of the complaint under 28 U.S.C. § 1915. A complaint filed by any person
23 seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal
24 if it is "frivolous or malicious; fails to state a claim upon which relief may be granted; or
25 seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
26 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of
27 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *see also Chavez v. Robinson*, 817
28 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—

even if dismissal comes before the defendants are served"). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S.C. 319, 324 (1989).

Upon an initial screening of the complaint [Doc. No. 1], it appears all claims alleged against the Defendants are asserted by *pro se* Plaintiffs on behalf of themselves and their minor children. The Ninth Circuit has found that "the privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). A parent or guardian cannot bring an action on behalf of a minor without obtaining a lawyer. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Because the current complaint includes Plaintiffs' minor children as parties and neither parent is an attorney, Plaintiffs' complaint is **DISMISSED without prejudice**. Plaintiffs' motion to appoint counsel [Doc. No. 3] is **DENIED.**

No later than **October 20, 2023**, Plaintiffs may either (1) file an amended complaint naming themselves alone as the Plaintiffs; or (2) have counsel appear in this case to represent their minor children.  If no counsel appears or an amended complaint is not filed by **October 20, 2023**, the Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated:  September 20, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge