UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE DIANE GANEY AND MICHAEL JAMES GANEY, JR., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO et al., <br><br> Defendants. | Case No.: 23-cv-1448-CAB-AHG <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> [Doc. No. 11] |

This matter is before the Court on a motion to dismiss by Defendants Janette Villa, Toree Ruiz, Janea Ayala, Christopher Taylor, Liliana Iribe-Moreno, Jade Nieto, and Nick Macchione (collectively, "Defendants").[1]  For the reasons below, the motion is granted and Plaintiffs' claims against these defendants are dismissed with prejudice.

**I.   Background**[2]

Plaintiffs Michelle Ganey and Michael Ganey initiated this lawsuit on August 7, 2023, by filing a complaint [Doc. No. 1] along with an application to proceed in forma

---

[1] The County of San Diego and Mary Shehee are listed as defendants, but they have yet to be served and have not appeared in the case.

[2] Defendants' request for judicial notice is proper, and Plaintiff has not filed an opposition. [Doc. No. 11-2.] As such, this Court takes judicial notice of the public record documents relating to Plaintiffs' claim. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.") (internal quotation marks omitted).

pauperis ("IFP") [Doc. No. 2]. The Court granted the application to proceed IFP but dismissed the complaint without prejudice pursuant to 42 U.S.C. § 1915(e)(2)(B) because the complaint included claims by minors who were not represented by counsel. [Doc. No. 5.] Consistent with the Court's order, Plaintiffs filed the operative first amended complaint ("FAC") [Doc. No. 7] on October 3, 2023, listing only themselves as Plaintiffs. The FAC purports to assert claims against the County of San Diego along with eight individual county employees who allegedly worked as social workers or social work supervisors on behalf of the County.

The FAC does not explicitly allege the relationship between Plaintiffs, but it appears that they were married before divorcing in November 2020, and that at least prior to their divorce, they cared for three children, T.E.W., T.A.W., and M.J.G. (together, "the Minors"). [Doc. No. 7 at ¶ 18.] Michelle is the Minors' mother. [*Id.*] According to the FAC, on October 20, 2020, "there was an incident at the PLAINTIFFS' residence . . . when MICHELLE, felt threatened by MICHAEL, and telephoned 911 for assistance." [*Id.*] The local police then arrested Michael and left the Minors in Michelle's custody. [*Id.* at ¶¶ 18-19.] The prosecutor dropped the charges against Michael, and he was released from custody and returned home the following day. [*Id.* at ¶ 19.]

On October 30, 2020, Defendants Toree Ruiz and Jenea Ayala, who were Child Welfare Services ("CWS") caseworkers for the County of San Diego, visited Plaintiffs' home "and demanded that the parents sign a 'Safety Plan.'" [*Id.* at ¶ 21.] Both Plaintiffs signed the "Safety Plan" allegedly under duress. [*Id.* at ¶¶ 21-22.] Ruiz and Ayala also allegedly required Michael to live separately from Michelle and the Minors and established "an unworkable visitation schedule for the children." [*Id.* at ¶¶ 22-24.]

On November 13, 2020, "at the urging of the County, to avoid threatened removal of the children," Michelle filed for a restraining order against Michael in San Diego County Superior Court. [*Id.* at ¶ 31.] The Superior Court issued a temporary restraining order against Michael covering Michelle and the Minors and ordered no visitation with any of the Minors until a hearing on December 3, 2020. [*Id.* at ¶32.] On December 3, 2020, the

San Diego County Superior Court issued a permanent restraining order for Michelle against Michael. [*Id.* at ¶ 52.]

In the same period that these meetings and hearings were taking place, the FAC alleges that Michelle and Michael were in the process of obtaining a divorce in a state court in Lincoln County, Wyoming. To that end, on October 26, 2020, the Wyoming court issued a default order for divorce. [*Id.* at ¶ 23.] Then on November 16, 2020, the Wyoming court issued a full decree of divorce, which "granted primary custody of M.J.G. (the parties' child together) to MICHELLE with reasonable rights of visitation to MICHAEL." [*Id.* at ¶ 33.] The order did not address custody of Minors T.E.W. and T.A.W. [*Id.*]

Four days after their divorce was finalized, the County filed a juvenile dependency petition in San Diego County Superior Court for all three Minors. [*Id.* at ¶ 34.] According to the FAC, in the petition, the County "falsely reported that the MINORS were 'exposed to violent confrontations,'" that "MICHELLE had a history of domestic violence in the presence of the children," and that the parents had violated two "Safety Plans." [*Id.* at ¶ 36.] Michael and Michelle denied the allegations in the County's petition. [*Id.* at ¶ 37.]

On November 23, 2020, the County allegedly submitted a "detention report" that "made false accusations that MICHAEL and MICHELLE 'emotionally abused' the children and that the parents exposed the MINORS to a violent confrontation (which the parents deny). The Agency acknowledged that there had been no further incidents." [*Id.* at ¶ 39.]

The FAC contains numerous allegations about abuse Michelle and other children of hers suffered at the hands of Michelle's previous husband, Cyrus Campbell, from whom she obtained a divorce in 2012. [*Id.* at ¶¶ 40-48.] Michelle allegedly told Ruiz and Ayala about this abuse and about how they could find additional information about it, including proceedings in Utah and Wyoming state courts involving Mr. Campbell. According to the FAC, however, Ruiz and Ayala did not track down this additional information and instead "presented the untruthful, hearsay statements of CYRUS CAMPBELL and the adult children of MICHELLE as true and reliable evidence" in the detention report to the juvenile

court, "even though they knew, or should have known, that those statements were false. . . ." [*Id.* at ¶ 48.]

Based on the contents of the detention report, the San Diego County juvenile court "granted the COUNTY Temporary Emergency Jurisdiction of all three children, T.E.W., T.A.W., and M.J.G." [*Id.* at ¶ 50.] The juvenile court ordered Michael and Michelle "to live separately, abide by the existing restraining order, provide family information to caseworkers, not to leave the County of San Diego with the children, and to attend a dispositional hearing on December 17, 2020. [*Id.* at ¶ 51.] At the December 17, 2020 hearing, a contested adjudication and disposition hearing was set for February 19, 2021. [*Id.* at ¶ 53.]

Following a January 28, 2021, child and family team meeting attended by Michelle, Michelle's sister, CWS caseworker Defendant Janette Villa, and other supervisors from the County, Villa filed an addendum report to the juvenile court in which she "reported to the Court false hearsay statements about both parents and said there was continued violence between the parents, even though there was no evidence of any violence." [*Id.* at ¶ 57.]

The contested adjudication and disposition hearing was held on February 19, 2021. At that hearing, the juvenile court "made a true finding on the petition filed by the COUNTY on November 20, 2020, based on the false evidence submitted by the COUNTY" and ordered placement of the Minors with Michelle as well as family maintenance services. [*Id.* at ¶ 61.] The juvenile court "did not physically remove the children from [Michelle's] home." [*Id.* at ¶ 64.] Michelle and Michael separately appealed these dispositional findings. [*Id.* ¶ 65.]

After the disposition hearing, Plaintiffs and the Minors sought permission to move to Wyoming. On July 20, 2021, over the objections of the County, the juvenile court ordered that the County allow Plaintiffs and the Minors to move to Wyoming and to transfer supervision of the children to Wyoming. [*Id.* at ¶ 74.] As of July 27, 2021, Plaintiffs and the Minors were all living in Wyoming. [*Id.* at ¶ 75.]

On August 17, 2021, the California Court of Appeal, Fourth Appellate District, ruled in favor of Plaintiffs and ordered the juvenile court to "dismiss the entire petition based on a lack of evidence for a finding under Cal. Wel. and Inst. Code § 300(b)(1) at the time of jurisdiction on February 19, 2021." [*Id.* at ¶ 76.] On August 20, 2021, the juvenile court dismissed the petition involving Plaintiffs and the Minors. [*Id.* at ¶ 82.]

## II.  Legal Standards

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

Plaintiffs are appearing pro se.  "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  However, "*pro se* litigants in the ordinary civil case

should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

### III. Discussion

The FAC purports to assert five claims against all defendants under 42 U.S.C. § 1983 for violations of Plaintiffs' constitutional rights, one *Monell* claim against the County, and several state common law claims. Plaintiffs also ask the Court to declare that California Welfare and Institutions Code § 300(b)(1) is unconstitutionally vague as applied to domestic violence survivors. Seven of the eight individual defendants have moved to dismiss the § 1983 claims because they fail to state a claim, because they are barred by the *Rooker-Feldman* doctrine, and because they are time-barred. These same defendants move to dismiss the state law claims for failure to state a claim and because Plaintiffs did not comply with the California Tort Claims Act, Cal. Gov't Code § 810 *et seq*.

### A. The FAC Generally Fails to State a Claim Against Any of the Individual Defendants

The Court agrees with Defendants that the FAC fails to allege facts sufficient to state a plausible claim for constitutional violations under § 1983 or for violations of state law. Among other things, the FAC fails to distinguish between the two Plaintiffs, treating their interests as completely aligned. Yet, based on the allegations in the FAC: (1) Plaintiffs are divorced; (2) Michelle has or had a restraining order against Michael issued by San Diego County Superior Court (which Michelle sought and which is not the basis for any of the violations alleged in the FAC); (3) Michelle is the biological mother of all three Minors, while Michael is the biological father of only one of them and "has no legal standing or legal rights" as to the other two Minors [Doc. No. 7 at ¶ 33]; (4) a Wyoming court gave Michelle primary custody of their only joint child; and, (5) the Minors were never removed from the physical custody of Michelle, while Michael was required to live elsewhere. Based on these allegations, the Court is skeptical that the Plaintiffs' interests are even sufficiently aligned for them to be able to appear jointly in this case. It is simply implausible that both Plaintiffs suffered the same injuries resulting from the juvenile court

proceedings when the outcome of the proceedings was different for each Plaintiff and when one Plaintiff had a restraining order against the other.

Further, the FAC does not put any of the individual Defendants on notice of which of their specific actions give rise to the claims against them.  The FAC frequently defaults to making allegations that "the COUNTY" took actions giving rise to the claims without identifying which individual defendants were responsible for these actions.  When the FAC does identify individual defendants, it primarily only makes conclusory allegations about their representations to the juvenile court, labeling them as "false" or "perjured" without specifying exactly what each Defendant said and why it was false.  Moreover, a careful reading of the allegations in the FAC indicates that Plaintiffs have not alleged that any of the Defendants fabricated evidence presented to the juvenile court.  Rather, Plaintiffs simply disagree with the opinions various Defendants expressed to the juvenile court about the care and safety of the Minors and believe that the sources of the evidence Defendants presented to the juvenile court were not credible.  For example, with respect to statements of Michelle's ex-husband Cyrus Campbell that Defendants Ruiz and Ayala presented to the Court, the FAC alleges that *Mr. Campbell's* statements were "untruthful" or "false," not that Ruiz and Ayala fabricated those statements or that Mr. Campbell did not in fact make such statements.  [Doc. No. 7 at ¶ 48.]  Nor does the FAC adequately allege why Ruiz and Ayala should have known that Mr. Campbell's statement was false.  In sum, the FAC fails to allege specific facts stating plausible claims for holding any of the individual Defendants liable for violations of Plaintiffs' constitutional rights.

Ultimately, all of these deficiencies support granting Defendants' motion to dismiss.  If these were the only grounds for dismissal, the Court would be inclined to grant Plaintiffs leave to amend because it is conceivable that these deficiencies could be remedied in a subsequent complaint.  As discussed below, however, Plaintiffs' claims are also time-barred.  Because Plaintiffs cannot allege facts that would bring their claims within the statute of limitations, any amendment would be futile.

### B. Plaintiffs' § 1983 Claims Are Time-Barred

Section 1983 "does not contain its own statute of limitations." *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019). Thus, the length of the statute of limitations for a § 1983 claim is determined by "the law of the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). There is no dispute that California's two-year statute of limitations for personal injury claims applies here. *See* Cal. Civ. Proc. Code § 335.1; [Doc. No. 11-1 at 9; Doc. No. 13 at 21-22]. The only dispute is when the statute began to run on Plaintiffs' claims.

Plaintiffs' only argument for why their claims are not time-barred is that their claims do not accrue until the County's legal custody over the Minors ended. Thus, according to Plaintiffs, their claims are timely because they are within two years of when the California Court of Appeal reversed the juvenile court and ordered that the petition involving Plaintiffs' children be dismissed. "[T]he accrual date of a § 1983 cause of action is a question of federal law. . . ." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, "a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). "Thus, an action ordinarily accrues on the date of the injury." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiffs' alleged injuries stem from their loss of legal custody over the Minors allegedly resulting from Defendants' actions at the various juvenile court proceedings related to the Minors. Civil rights claims based on child removal accrue when the child is removed from the parent. *Claraty v. Hall-Mills*, No. 18-CV-06861-JCS, 2019 WL 1228237, at *4 (N.D. Cal. Mar. 15, 2019) (holding that the plaintiff's civil rights claims accrued when she lost custody of her children). Plaintiffs assert that "Defendants defrauded the state court to receive" the detention order [Doc. No. 13 at 25], which resulted in the juvenile court exercising legal custody over the Minors (while not removing them from Michelle's physical custody) following the February 2021 hearing. Plaintiffs were present at these proceedings and therefore aware of both the alleged wrongdoing and of the

removal of the Minors from Plaintiffs' legal custody. Accordingly, Plaintiffs' claims accrued no later than the February 2021 hearing. That Plaintiffs did not regain legal custody of the Minors until August 20, 2021, is merely a "continuing impact from a past violation" that does not toll the statute of limitations. *See Bird*, 935 F.3d at 748 (internal brackets and citation omitted). Because the violations of which Plaintiffs complain occurred no later than February 2021, while Plaintiffs did not initiate this lawsuit until August 2023, their § 1983 claims are time-barred.

Indeed, even Plaintiffs' contention that the California Appeals Court's decision signifies the end of their continued harm is controverted by the facts they allege. First, Plaintiffs specifically argue that they "do not assert that the Juvenile Court made an error." [Doc. No. 13 at 25.] Thus, the California Court of Appeals reversal of the juvenile court should be irrelevant to accrual of Plaintiffs' claims and whether they are time-barred. Second, the FAC alleges that Plaintiffs moved to Wyoming with the Minors no later than July 27, 2021, and that jurisdiction over the Minors was transferred to Wyoming. [Doc. No. 7 at ¶¶ 74-75.] Thus, the injury they suffered as a result of Defendants' alleged wrongdoing—the Minors being under the legal custody of the San Diego County juvenile court—ended as of July 27, 2021, more than two years before Plaintiffs filed this lawsuit. Accordingly, even under Plaintiffs' incorrect legal argument, Plaintiffs' § 1983 claims are time-barred.

### C.    The State Law Claims Are Barred By the Tort Claims Act

Defendants argue, and Plaintiffs concede, that under the California Tort Claims Act, a plaintiff may not bring an action against a public entity unless the plaintiff first presents a written claim to the public entity within six months of accrual of the claim. Cal. Gov. Code §§ 911.2, 915; [Doc. No. 11-1 at 12-13; Doc. No. 13 at 39]. Here, all of Plaintiffs' state law claim arise out of the same alleged wrongdoing by Defendants, and resulted in the same alleged harm to Plaintiffs, that forms the basis of the § 1983 claims in the FAC. As discussed above, all of Plaintiffs' claims (including their state law claims) accrued no later than the February 2021 juvenile court hearing. Plaintiffs did not submit a written

claim to the County until September 23, 2023. Because Plaintiffs did not submit their claim within six months of February 2021, their state law claims are barred by the California Tort Claims Act.[3]

### IV.  Conclusion

As discussed above, the FAC fails to allege facts stating a plausible claim for relief from the individual Defendants. Moreover, Plaintiffs' claims against the individual Defendants are time-barred. No amendment to the FAC could bring Plaintiffs' claims within the two-year statute of limitations for § 1983 claims or allow the state law claims to survive. Accordingly, it is hereby **ORDERED** that the motion to dismiss is **GRANTED**, and claims 1-5 and 7-9 in the FAC are **DISMISSED WITH PREJUDICE**.

In light of the foregoing, the only remaining claim is Plaintiffs' *Monell* claim against the County. The County has not appeared in this action, and the motion to dismiss indicates that the County has not been served. Accordingly, it is further **ORDERED** that, on or before **January 2, 2024**, Plaintiffs must either file proof of service on the County of San Diego or **SHOW CAUSE** why their *Monell* claim against the County should not be dismissed under Rule 4(m) for lack of prosecution. If Plaintiffs fail to respond to this order, the Court will dismiss Plaintiffs' *Monell* against the County and close this case.

It is **SO ORDERED**.

Dated:  December 8, 2023

Hon. Cathy Ann Bencivengo
United States District Judge

---

[3] Because California Welfare and Institutions Code § 300(b)(1) was first applied to Plaintiffs more than two years before they filed this lawsuit, their claim challenging it as unconstitutionally vague is also time-barred. Further, Plaintiffs moved to Wyoming in July 2021 and have resided there for over two years, meaning they are not subject to this California law and have no standing to challenge the constitutionality of this statute which does not apply to them. Accordingly, their void-for-vagueness claim is dismissed as well.