UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE DIANE GANEY AND MICHAEL JAMES GANEY, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO et al.,<br><br>Defendants. | Case No.: 23-cv-1448-CAB-AHG<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 34] |

Plaintiffs Michelle Ganey and Michael Ganey initiated this lawsuit on August 7, 2023, by filing a complaint [Doc. No. 1] along with an application to proceed in forma pauperis ("IFP") [Doc. No. 2]. The Court granted the application to proceed IFP but dismissed the complaint without prejudice pursuant to 42 U.S.C. § 1915(e)(2)(B) because the complaint included claims by minors who were not represented by counsel. [Doc. No. 5.] Consistent with the Court's order, Plaintiffs filed a first amended complaint ("FAC") [Doc. No. 7] on October 3, 2023, listing only themselves as Plaintiffs. The FAC purported to assert claims against the County of San Diego along with eight individual county employees who allegedly worked as social workers or social work supervisors on behalf of the County.

On December 8, 2023, the Court granted a motion to dismiss filed by the individual defendants, holding that the FAC failed to allege facts stating a plausible claim for relief from the individual defendants, and that Plaintiffs' claims against the individual Defendants are time-barred. [Doc. No. 15.] Because no amendment to the FAC could bring Plaintiffs' claims within the two-year statute of limitations for § 1983 claims or allow the state law claims to survive, the motion dismissed with prejudice all of the claims against the individual defendants. Thus, the only remaining claim was Plaintiffs' *Monell* claim against the County (*see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)) because the County had yet to be served with the FAC or otherwise appear in the case and was not a party to the motion to dismiss.

Plaintiffs eventually served the County, and the County filed its own motion to dismiss the remaining *Monell* claim. On April 4, 2024, the Court granted the County's motion and dismissed the *Monell* claim. [Doc. No. 33.] The Court, however, gave Plaintiffs the opportunity to file a motion for leave to file a second amended complaint that asserts *only* a *Monell* claim against the County. The Court also provided specific instructions for what the proposed second amended complaint must allege to state a *Monell* claim that would not be subject to dismissal. Plaintiff's motion for leave to file a second amended complaint is now before the Court.

Upon review of Plaintiff's motion and Defendants' opposition,[1] along with the proposed second amended complaint itself, the Court finds that the proposed second amended complaint does not remedy the various deficiencies identified in the Court's prior orders dismissing the FAC. The proposed second amended complaint does not allege facts supporting a plausible claim that Plaintiffs suffered a violation of their constitutional rights. Nor does it allege a policy or custom of the County that could be construed as the moving force behind any purported constitutional violation. Accordingly, because the proposed

---

[1] The Court set a deadline of June 13, 2024, for Plaintiffs to file a reply. [Doc. No. 35.] No reply was filed.

second amended complaint would be futile, Plaintiffs' motion for leave to amend is **DENIED**.[2] *See Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (holding that the "district court did not abuse its discretion when it denied Appellants' second request for leave to amend the complaint because the proposed amendment would have been futile.").

In light of the foregoing, and for all of the reasons stated in the Court's prior orders dismissing the FAC [Doc. Nos. 15, 33], this case is now **DISMISSED WITH PREJUDICE** in its entirety. The Clerk of Court is instructed to **CLOSE** the file. No further filings will be accepted.

It is **SO ORDERED**.

Dated: June 20, 2024

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] Because the motion for leave to amend is denied, the motion to file exhibits to the proposed second amended complaint under seal [Doc. No. 36] is **DENIED AS MOOT**.